IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASPER BROWN, | No. C 04-5461 SBA |
|     Plaintiff, | **ORDER** |
| v. | |
| DE LA CERDA TRANSPORTATION, JESUS GUERERO LOPEZ, DOES 1 to 10. | |
|     Defendants. | |

This matter comes before the Court on Plaintiff Jasper Brown's ("Plaintiff") amended complaint[1] and renewed application to proceed *in forma pauperis* ("the Amended IFP Application"). Having considered Plaintiff's amended complaint and Plaintiff's Amended IFP Application, and being fully informed, the Court hereby DENIES Plaintiff's Amended IFP Application WITH LEAVE TO AMEND and DISMISSES Plaintiff's complaint WITH LEAVE TO AMEND.

## **BACKGROUND**

On December 28, 2004, Plaintiff filed a complaint captioned "Motion and Notice Part III, Order to Review Appellant Case (403038)." On the same day, Plaintiff filed an application for leave to proceed *in forma pauperis* (the "IFP Application"). On February 24, 2005, Plaintiff declined to proceed before a magistrate judge and, on March 1, 2005, the matter was reassigned to this Court.

On May 19, 2005, this Court denied Plaintiff's IFP Application and dismissed Plaintiff's complaint with leave to amend. The Court noted that Plaintiff's IFP Application did not adequately demonstrate that he was unable to pay the requisite fees and costs. The Court also noted that Plaintiff's

---

[1] The document Plaintiff filed is actually captioned "Order." However, the Court has construed the document as an amended complaint and renewed application for leave to proceed *in forma pauperis*.

1 complaint failed to set forth any cognizable claims against the named defendants, De La Cerda
2 Transportation and Jesus Guerero Lopez.  Plaintiff was instructed to pay the appropriate filing fees and
3 costs and to file an amended complaint within thirty days of the Court's order.

4       On June 20, 2005, Plaintiff filed a document captioned "Order."  The document appears to be
5 Plaintiff's amended complaint.  The document also appears to contain an amended application for leave
6 to proceed *in forma pauperis* ("Amended IFP Application").

## LEGAL STANDARD

8       28 U.S.C. § 1915 provides that "any court of the United States may authorize the
9 commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal
10 therein, without prepayment of fees or security therefor, by a person who submits an affidavit that
11 includes a statement of all assets such person possesses that the person is unable to pay such fees or give
12 security therefor."  28 U.S.C.§ 1915(a)(1).  Section 1915(e)(2) authorizes federal courts to dismiss a
13 claim filed *in forma pauperis* "at any time" if the Court determines that: 1) the allegation of poverty is
14 untrue; 2) the action fails to state a claim; 3) the action is frivolous or malicious; or 4) the action seeks
15 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

16       Pro se pleadings must be liberally construed. *Balisteri v. Pacifica Police Depot*, 901 F.2d 696,
17 699 (9th Cir. 1988).  However, when reviewing a complaint, the Court does not accept as true
18 unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See*
19 *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279
20 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not
21 defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d
22 979, 988-89 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988)
23 ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state
24 a claim").  Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow*
25 *Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992).  If a plaintiff's complaint is found to be deficient and
26 an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend.
27 *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

**ANALYSIS**

**A.     Plaintiff's IFP Application**

The benefit of proceeding IFP is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1121, 1231 (9th Cir. 1984). To obtain this privilege, Plaintiff must demonstrate, to the Court's satisfaction, his inability to pay the requisite fees and costs. *See Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). A statement of poverty is sufficient if it demonstrates that Plaintiff cannot pay court costs and still be able to provide himself with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The facts concerning the applicant's poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The Court has discretion to make a factual inquiry into Plaintiff's financial status and to deny his request to proceed IFP where he is unable or unwilling to verify his poverty. *Id*. If the Court determines that Plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C. § 1915(e)(2).

Here, Plaintiff has submitted an Amended IFP Application despite being instructed, in the Court's May 19, 2005 Order, to pay the requisite fees and costs. Since Plaintiff is in pro per, however, the Court will grant Plaintiff some leniency and will consider Plaintiff's Amended IFP Application.

Considering the Amended IFP Application, it still does not appear that Plaintiff has adequately demonstrated that he is unable to pay the requisite fees and costs. Indeed, there are several inconsistencies in Plaintiff's Amended IFP Application that make his allegations of poverty dubious. For example, Plaintiff claims that he is not currently employed and that his sole income is approximately $800 per month in retirement benefits and public assistance. Amended IFP App. ¶ 1. However, Plaintiff claims that he incurs monthly expenses that far exceed his monthly income, including $450 for food, $150 for clothing, $50 for laundry, $750 for rent, $700 for transportation, $750 in credit card payments, and $100 in department store payments. *Id.* ¶ 7. Despite the tremendous disparity between Plaintiff's income and expenses, Plaintiff alleges that he has cash savings amounting to $300 in his checking account. *Id.* ¶ 4. Plaintiff also states that he does not have a home or car, which is a material change from his prior IFP Application. *Id.* ¶ 5.

Based on Plaintiff's substantially inconsistent allegations, the Court is unable to determine

1 whether Plaintiff has sufficiently demonstrated that he cannot pay court costs and still be able to provide
2 himself with the necessities of life. However, if Plaintiff still wishes to proceed *in forma pauperis*, the
3 Court will allow Plaintiff one last opportunity to file an amended IFP application that clearly and
4 consistently sets forth the circumstances of his financial status.

**B.     Plaintiff's Amended Complaint**

Upon reviewing Plaintiff's amended complaint, the Court concludes that Plaintiff has failed to allege any cognizable claims against the named defendants. A complaint must set forth a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must also give the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

Plaintiff's amended complaint is almost completely unintelligible. For example, in a portion of his amended complaint entitled "Constitution and Statutory Provisions Involved," Plaintiff states: "I want the this Court's E.G. The 1984 and 1985 bankruptcy court records. I am going to get right down to the integrity, you are not going to believe this until you see it." *See* Amend. Compl. at p. 17. To the extent that the Court is able to correctly construe Plaintiff's amended complaint, it appears that Plaintiff is alleging that De La Cerda Transportation conspired with the San Francisco Police Department to set up a traffic accident in an attempt to murder him. It also appears that Plaintiff is seeking review of an order of the San Francisco Superior Court, the denial of his petition for writ of certiorari by the United States Supreme Court, and certain bankruptcy proceedings that took place in 1984 and 1985.

With respect to the alleged conspiracy between the named defendants, De La Cerda Transportation and Jesus Guerero Lopez, and the San Francisco Police Department, Plaintiff's prolix and unintelligible amended complaint is woefully deficient. To prove a conspiracy between the state and private parties under 42 U.S.C. § 1983, Plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540, 1540-41 (9th Cir. 1989). To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *Id*. Conclusory allegations of a conspiracy are insufficient. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

4

With respect to Plaintiff request that this Court review an order of the San Francisco Superior Court, the Court has already explained to Plaintiff that this claim is without merit. Federal district courts may not exercise appellate jurisdiction over state court judgments. *Worldwide Church of God v. McNair*, 805 F2d 888, 890-891 (9th Cir. 1986). Nor does this Court have jurisdiction to review a decision of the United States Supreme Court.

Finally, while this Court does have the jurisdiction to hear an appeal from a final order of a bankruptcy court, *see* 28 U.S.C. § 158(a)(3), a notice of appeal must be filed within <u>ten days</u> of the entry of the final judgment. Fed. R. Bankr. P. 8002(a). Further, "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. P. 8002(c). "An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later." *Id.* Since Plaintiff's "appeal" is filed approximately *twenty years* after the final judgment of the bankruptcy court, it is time-barred and this Court will not entertain it.

Consequently, the Court concludes that Plaintiff's complaint fails to state any cognizable claims against the named defendants or any basis for federal jurisdiction.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiff's Amended IFP Application is DENIED WITH LEAVE TO AMEND. If Plaintiff still wishes to proceed *in forma pauperis*, he must file an amended application **no later than thirty (30) days from the date of this Order** that clearly and consistently sets forth the circumstances of his financial status. Otherwise, Plaintiff shall pay the requisite filing fee **no later than thirty (30) days from the date of this Order.**

IT IS FURTHER ORDERED THAT Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. However, Plaintiff's claims regarding the San Francisco Superior Court, the United States

5

Supreme Court, and the bankruptcy court are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT **no later than thirty (30) days from the date of this Order**, Plaintiff shall file an amended complaint that **specifically sets forth each cause of action that Plaintiff seeks to bring against each defendant and factual allegations sufficient to support each cause of action. The amended complaint shall also clearly set forth the basis for federal jurisdiction over this action.** The Court also expressly warns Plaintiff that, if he chooses to file an amended complaint, he must allege, in good faith, additional *facts* – not mere conclusions of law – that clearly demonstrate that he is entitled to relief. Plaintiff may not, for example, allege in summary fashion that defendants entered into a conspiracy; rather, he must allege not only that such a conspiracy existed, but also the *facts* establishing an agreement to commit the alleged improper actions between *each of the defendants* that he claims entered into said conspiracy. Further, the Court reminds Plaintiff that once an amended complaint is filed, it will supercede his prior complaints. The amended complaint must be self-contained and cannot refer to, or incorporate by reference, any part of the prior complaints. **Failure to file an amended complaint in accordance with this Order shall result in dismissal with prejudice.**

IT IS FURTHER ORDERED THAT the Case Management Conference scheduled for September 22, 2005 at 3:00 p.m. is VACATED. The parties shall appear for a telephonic Case Management Conference on **Wednesday, November 16, 2005 at 3:15 p.m.** The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall

///

1 ///

call (510) 637-3559 at the above indicated date and time.

    IT IS SO ORDERED.

Dated: August 22, 2005                      _/s/ Saundra B. Armstrong_
                                                             Saundra Brown Armstrong
                                                             United States District Judge